cise date when Brittan appropriated the proceeds of his wife's cotton by a credit therefor on the books of the firm, I cannot by the proof fix the date prior to the 1st of July, 1861. On the 5th of August, 1861, the courts of Mississippi were by the act of the legislature closed against the prosecution of such claims. Up to that date, four months and one day of the one year's limitation had elapsed. and it is not averred or shown that before the commencement of her suit in equity against her husband by Mrs. Brittan, the courts of the state had been open long enough to complete the bar of one year. The period during which the courts are closed is not to be counted in estimating the time when the bar of the statute intervenes. Hunger v. Abbott. 6 Wall. [73 U. S.] 532. So even if we were authorized, which we are not, to take note in this collateral proceeding of any error into which the chancery court of Hinds county may have fallen, it is not made to appear that the court fell into any error. The decree of that court was based upon what had once been a valid and just claim in favor of Mrs. Brittan against her husband, and the court, with all the facts before it, decided that the claim was still a valid and subsisting one. Its decree is, therefore, binding upon all persons until reversed in a direct proceeding, and cannot be here collaterally impeached except for fraud, and no fraud is shown. But even if the decree of the chancery court of Hinds county, and the proceedings and sale under it were void, the record in this case discloses an insuperable obstacle to the decree asked for by complainants.

It appears in the evidence that, on the 1st of November, 1865, William J. and Fannie A. Brittan, by a deed absolute on its face, and for a sufficient and valuable consideration, conveyed the plantation in controversy to Mrs. M. L. Johnson, the mother of Mrs. Brittan. The answer of William J. Brittan contains an expression which would indicate that this deed, though purporting to be absolute. was intended as a mortgage. In his deposition, however, Brittan says that the conveyance was not intended as a mere security, but as payment of a debt due by him to Mrs. Johnson; but, from the uniform kindness of Mrs. Johnson to her children. witness and his wife inferred a willingness on her part to accept of the money due at any time before she otherwise disposed of the plantation. Mrs. Johnson, the grantee, testifies that the conveyance to her "was intended as an absolute deed without the privilege of redemption." The deed being absolute on its face, unless the grantee understood and agreed that it should be a security for the debt, it must be held to be an absolute deed. It is clear that it was not so understood by both parties. Mrs. Johnson has then the legal title to the plantation in question, and the proof shows she is in possession. She is. therefore, a necessary party

to the bill of complaint in this case. These facts were all brought out before the trial of the case in the court below. The complainants have neglected to make Mrs. Johnson a party. The objection was taken upon the hearing in this court. The rule upon this subject is as follows: If, after objection is made for want of necessary parties, the plaintiff neglects or refuses to bring them before the court, the bill will be dismissed. Singleton v. Gayle. 8 Port. (Ala.) 270; Bailey v. Myrick, 36 Me. 50. 54; Huston v. McClarty, 3 Litt. (Ky.) 274; Royse v. Tarrant, 6 J. J. Marsh. 567; Van Epps v. Van Deusen. 4 Paige. 64. So I am of opinion that the bill should be dismissed, at complainants' costs, (1) because the averments of the bill are not sustained by the proof; and (2) because the necessary parties are not before the court. Decree accordingly.

## Case No. 7,456.

### JONES v. BUCHANAN et al.

## Case No. 7,457.

### JONES v. CLIFTON.

[2 Flip. 191; 17 Am. Law Reg. (N. S.) 713; 6 Reporter. 324; 7 Cent. Law J. 89; 18 N. B. R. 125.] [1]

Circuit Court. D. Kentucky. July, 1878. [2]

---

[1] [Reported by William Searcy Flippin. Esq.. and here reprinted by permission. 6 Reporter. 324, contains only a partial report.]

[2] [Affirmed in 101 U. S. 225.]